# UNITED STATES DISTRICT COURT

2019 JUN 25 AM 10: 28

for the

Central District of California



FILED
CLERK, U.S. DISTRICT COURT

JUN 2 5 2019

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Case No. ED19-0344M |
| CHRISTOPHER KLEMP, | |
| Defendant. | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about June 24, 2019, in the County of San Bernardino in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 111(a)(1), (b) | Assaulting, resisting or impeding a federal officer, resulting in bodily injury |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
Complainant's signature

Thomas Vasquez, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: June 25, 2019

_____
Judge's signature

City and state: Riverside, California

Hon. Sheri Pym, U.S. Magistrate Judge
Printed name and title

AUSA: Robert S. Trisotto (951-276-6211)

## AFFIDAVIT

I, Thomas Vasquez, being duly sworn, declare and state as follows:

### I.   PURPOSE OF AFFIDAVIT

1.   This affidavit is made in support of a criminal complaint against Christapher Klemp ("KLEMP") for a violation of 18 U.S.C. §§ 111(a)(1), (b): Assaulting, resisting or impeding a federal officer, resulting in bodily injury.

2.   The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II.   BACKGROUND OF THOMAS VASQUEZ

3.   I am a Special Agent ("SA") with the United States Department of Homeland Security, Federal Protective Service ("FPS").  I have been in this position since August 2017.  From 2013 to July 2017, I was an FPS uniformed law enforcement officer.  In that position, I conducted various preliminary investigations including assault on Federal contractors.  As part of my official duties as a SA, I investigate crimes against the United States that originate on United States government property, including assault against Federal contractors.

4.   I have completed two basic training courses at the Federal Law Enforcement Training Center in Glynco, Georgia, which included training in the investigation of various crimes.  Prior to becoming a FPS uniformed law enforcement officer, I worked as a Police Officer with the City of Maricopa, CA in Kern County, CA from December 2010 to March 2012.  I completed training at the Rio Hondo Police Academy where I received my certification as a California peace officer.

### III. SUMMARY OF PROBABLE CAUSE

5.     Protective Security Officers Timothy Parker and Roberto Mendez are employed with Paragon Systems, a private security company that contracts with FPS to provide security services at FPS-protected facilities. On June 24, 2019, Officers Parker and Mendez were assigned to the San Bernardino Social Security Administration field office (the "SSA Office") which is located at 605 N. Arrowhead Ave, San Bernardino, CA 92401. While on duty, Officers Parker and Mendez approached KLEMP in the parking lot of the SSA Office because he was playing loud music from his car that was disrupting individuals in the main lobby of the SSA Office. Officers Parker and Mendez asked KLEMP to turn down the music. KLEMP refused and proceeded to strike Officer Parker with a closed fist in the face and hit Officer Mendez in the head with a wooden stick, resulting in bodily injury to both officers.

### IV. STATEMENT OF PROBABLE CAUSE

6.     Based on my review of security statements, conversations with other law enforcement officers, and my own knowledge of the investigation, I am aware of the following:

**A.     KLEMP refused to turn down the loud music he was playing from the car in the SSA Office's parking lot after being asked to do so by Officer Parker.**

7.     On June 24, 2019, at about 3:00 p.m., KLEMP was seated in the front driver's seat of Roshanda Nunez's vehicle (a white Ford Explorer) in the southern parking lot of the SSA Office. KLEMP was playing music from the car at a very loud volume. Because the loud music could be heard by—and was disrupting—the persons inside the main lobby of the SSA Office, Officers Parker and Mendez came out of the main lobby and approached KLEMP, who was seated in Nunez's car.

8.     Officer Parker approached the driver's side door of the vehicle and Officer Mendez walked to the front passenger's side door. The driver side window was down. Then, Officer Parker asked KLEMP to lower the music coming from the car. In response, KLEMP said to Officer Parker, "Fuck you nigga, I aint turning shit down."

### B. KLEMP punches Officer Parker in the face and hits Officer Mendez with a wooden stick.

9.  According to Officer Parker, after KLEMP verbally refused to turn down the music, KLEMP, while seated in the driver seat of the vehicle, punched Officer Parker in the face with a closed fist. Officer Parker's nose began to bleed and there were visible lacerations to his nose and left eye.

10. At this point, KLEMP stepped out of the vehicle. When he stepped out, a two-and-a-half foot wooden stick (which resembled the handle of a mop or broom) fell out of the driver side door onto the ground. KLEMP picked up the wooden stick and proceeded to strike Officer Mendez on the left side of his head, causing a laceration. After hitting Officer Mendez in the head, Officer Parker exclaimed that KLEMP was reaching for Officer Parker's gun. Officer Parker prevented KLEMP from doing so and, in the process, was able to retrieve his pepper-spray canister from his duty belt. Officer Parker then sprayed it into KLEMP's face, inadvertently spraying Officer Mendez in the face too.

11. Protective Security Officer Taylor Montenegro—who came from inside the SSA Office—arrived at the scene and assisted Officers Parker and Mendez with handcuffing KLEMP. KLEMP was brought to a private interview room inside the SSA Office.

12. San Bernardino County Fire Department (Station 228) and American Medical Response Ambulance Service provided medical aid to KLEMP, Officer Parker, and Officer Mendez. Officer Parker complained of limited mobility in both of his shoulders. Officer Parker was let go early from his shift so that he could seek medical treatment. Additionally, KLEMP and Officer Mendez were provided medical aid for their exposure to pepper spray. Officer Mendez said he would be seeking medical treatment later as a result of the lacerations to his head.

### C. The registered owner of the vehicle in which KLEMP was playing loud music said that she witnessed KLEMP punch Officer Parker in the nose.

13. Roshanda Nunez stated that she was the owner of the Ford Explorer in which KLEMP was playing loud music. Nunez said that she came to the SSA Office with KLEMP

and her mother. Nunez and her mother went into the SSA Office while KLEMP waited for them in her car. From the main lobby, she stated that she could hear the loud music. She walked outside, heard the loud music coming from her car, and saw Officers Parker and Mendez approaching her car. Nunez proceeded to walk towards her vehicle and, while doing so, saw KLEMP "punch" Officer Parker in the nose.

      **D.**    **KLEMP admitted that he punched Officer Parker in the face with a closed fist.**

14. San Bernardino Police Department Police Officer Sergio Alvarez and I conducted a post-*Miranda* interview of KLEMP. According to KLEMP, he became upset when Officer Parker approached the driver side door of Nunez's vehicle. KLEMP then stated—contrary to what Officer Parker informed me—that Officer Parker opened the driver side door and attempted to pull KLEMP out the car. KLEMP stated that he became upset, clinched his fist, and struck Officer Parker in the face.

## V.   CONCLUSION

15. For all of the reasons described above, there is probable cause to believe that KLEMP has committed a violation of 18 U.S.C. §§ 111(a)(1), (b): Assaulting, resisting or impeding a federal officer, resulting in bodily injury.

                                                  Thomas Vasquez
                                                  FPS Special Agent

Subscribed to and sworn before me
this 25th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE